UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMIE RILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 16-cv-03034 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

### SUMMARY DISMISSAL OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

### INTRODUCTION

Before the Court is Petitioner Jamie Riley's Petition for a Writ of Habeas Corpus brought under 28 U.S.C. § 2255 (d/e 1) and Petitioner's Motion to Request Counsel (d/e 3). Under 28 U.S.C. § 2255, Rule 4, this Court "must promptly examine" the petition, and "[i]f it plainly appears from the [petition], any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, [the Court] must dismiss" the petition. The Court now DISMISSES the Petition because: (1) even if counsel did not inform Petitioner of every detail of Petitioner's United States Sentencing Guidelines ("Guidelines") calculations, counsel was effective

because he advised Petitioner of the correct imprisonment range provided by the Guidelines; (2) Petitioner's claim regarding the two-point enhancement for relevant conduct could not have prejudiced Petitioner because Petitioner's imprisonment range was calculated under the career offender guidelines; and (3) Petitioner was not prejudiced by any ineffective assistance because both his plea and his sentencing were based on an accurately-calculated imprisonment range of 151-188 months.  Accordingly, Petitioner's Motion to Request Counsel is DENIED AS MOOT.

## BACKGROUND

On November 5, 2014, a two-count Indictment was filed against Petitioner in this Court.  See Indictment, United States v. Riley, 3:14-CR-30055-SEM-TSH-1 (C.D. Ill. 2014) (hereinafter "Criminal Case") (d/e 1).  Count One charged that on or about October 17, 2014, Petitioner knowingly and intentionally possessed with the intent to distribute mixtures or substances containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  See id.  Count Two charged that on or about October 17, 2014, Petitioner knowingly and intentionally maintained a building located at 1015 Madison, Quincy, Illinois, for

the purpose of distributing methamphetamine, in violation of 21 U.S.C. § 856(a)(1) and (b).  See id.

On February 23, 2015, Petitioner pled guilty before U.S. Magistrate Judge Tom Schanzle-Haskins to Count One of the Indictment pursuant to a written Plea Agreement.  See Plea Agreement, Criminal Case (d/e 10).  Pursuant to the written plea agreement, prepared under Fed.R.Crim.P. 11(c)(1)(A) and (c)(1)(C), the United States agreed that the appropriate sentence in this case was 151 months' imprisonment, a three-year term of supervised release, no fine, and a $100 special assessment.  See id.  Petitioner "acknowledge[d] that [he] has reviewed and [Petitioner] understands the possible application of Sentencing Guidelines § 1B1.3 (Relevant Conduct)," which provides for both enhancements based on relevant conduct and the applicability of the career offender guidelines.[1]  See id. at 9.

At Petitioner's plea hearing, he confirmed that he had had "ample time" to discuss his case with his attorney and that Petitioner was satisfied with his attorney's representation.

---

[1] All information regarding discussion held at Petitioner's February 23, 2015 plea hearing and Petitioner's June 26, 2015 Sentencing hearing are taken from the audio recordings of the hearings created by the Court.

Petitioner stated that he understood the consequences of his guilty plea. Judge Schanzle-Haskins explained to Petitioner the role that the Guidelines play in sentencing. Judge Schanzle-Haskins advised Petitioner that the Guidelines give judges an "advisory" framework to follow at sentencing, although the Court has the authority to depart from the Guidelines. Judge Schanzle-Haskins further advised Petitioner that the Court would not be able to determine Petitioner's imprisonment range until after a Presentence Investigation Report ("PSR") was completed, that such an imprisonment range may differ from "an estimate your attorney has given you," and that Petitioner and his attorney would have the opportunity to object to the calculations and other information in the PSR. Petitioner stated that he understood how the Guidelines worked as explained by Judge Schanzle-Haskins. Petitioner said that he had talked about the Guidelines and how they might apply to his case with his attorney.

In the written plea agreement, Petitioner waived his right to appeal his sentence or collaterally attack his sentence on any ground. See Plea Agreement, Criminal Case (d/e 10) at ¶¶ 16-17. However, Petitioner's waivers do not apply to claims of ineffective

assistance of counsel.  The United States agreed to dismiss Count Two at sentencing.  See id. at ¶ 4.  At the plea hearing, Judge Schanzle-Haskins specifically went through the two waivers with Petitioner, and Petitioner affirmed his understanding of, and agreement to, each of the waivers.  The parties' agreed sentence bound the Court once the Court accepted the plea agreement.  See id.  At the hearing, Petitioner affirmed that he understood the binding nature of the agreed sentence in the plea agreement.  Judge Schanzle-Haskins entered a Report and Recommendation recommending that the Court accept the guilty plea and adjudge Petitioner guilty of the offense.  On March 12, 2015, the Court accepted Petitioner's guilty plea and adjudged him guilty.

On May 19, 2015, the United States Probation Office ("Probation") issued the initial PSR.  See Criminal Case, (d/e 17).  Probation calculated Petitioner's base offense level at 28, based on a total of 39.5 grams of crystal methamphetamine.  See id. at ¶¶ 11, 17.  Probation added two offense levels under USSG § 2d1.1(b)(12), based on Petitioner's maintaining a detached garage for the purpose of distributing methamphetamine, the conduct comprising Count 2 of the Indictment.  See id. at ¶ 18.  Therefore, Petitioner's adjusted

offense level was 30. However, Probation then determined that Petitioner was a career offender under USSG § 4B1.1. See id. at ¶ 23. Therefore, rather than the adjusted offense level of 30, Probation used the Petitioner's career offender offense level, which was 32. See id. Probation then subtracted three levels for acceptance of responsibility, resulting in a total offense level of 29. See id. at ¶¶ 24-26.

Probation initially calculated Petitioner's criminal history score at 15, which qualified Petitioner for a criminal history category of VI. See id. at ¶¶ 38-39. Ultimately, however, Petitioner's criminal history category was determined by the career offender guidelines, which also qualified Petitioner for a criminal history category of VI. See id. at ¶ 40. Based on an offense level of 29 and a criminal history category of VI, Probation calculated Petitioner's imprisonment range to be 151 to 188 months. See id. at ¶ 79.

The revised PSR was issued on June 19, 2015. The Petitioner had six unresolved objections to the PSR at the time of sentencing. See Revised PSR, Criminal Case (d/e 18) at 19-26. Petitioner did not object to the enhancement for his maintaining a garage for the purpose of distributing methamphetamine or to Petitioner's

qualification as a career offender. In fact, Petitioner did not object, at all, to Probation's calculation of Petitioner's imprisonment range. Rather, all six of Petitioner's objections regarded Probation's proposed terms of supervised release. See id. Therefore, the revised PSR contained the same Guidelines calculations as the initial PSR. See id. at ¶¶ 15-40, 79.

On June 26, 2015, Petitioner appeared before this Court for a sentencing hearing. At the hearing, as per the plea agreement, the United States moved to dismiss Count 2 of the Indictment. The Court granted the motion. After accepting Petitioner's plea agreement, which bound the Court to impose the agreed sentence, this Court sentenced Petitioner to 151 months' imprisonment, a three-year term of supervised release, and a $100 special assessment. Upon questioning by the Court, Petitioner clearly affirmed that he had "received a copy of the revised PSR and discussed it with counsel" and that Petitioner had no additional objections to the Revised PSR. Further, Petitioner again confirmed that he was satisfied with his attorney's representation.

Petitioner now brings a Petition under § 2255 to vacate the aforementioned sentence of imprisonment in his criminal case

based on a claim of ineffective assistance of counsel, specifically arguing that: (1) Petitioner was not informed by counsel or the government that, despite the government's dismissal of Count Two at sentencing, Petitioner's conduct in maintaining a building for the purpose of distributing methamphetamine would result in a two-point offense level enhancement under the Guidelines; and (2) that Petitioner was not informed by counsel that Petitioner would have a base offense level of 32 as a career offender.  See Petition (d/e 1). Additionally, Petitioner filed a Motion to Request Counsel (d/e 3). The Court now DISMISSES the Petition and, accordingly, DENIES AS MOOT Petitioner's motion for counsel.

## ANALYSIS

To establish a claim for ineffective assistance of counsel, Petitioner must establish that (1) "his attorney's performance 'fell below an objective standard of reasonableness;' and (2) 'but for counsel's unprofessional errors the result of the proceeding would have been different.'"  Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  Petitioner argues that his attorney was ineffective in not informing Petitioner that (1) although the government

dismissed Count Two at sentencing, the conduct comprising Count Two would be used as relevant conduct to increase Petitioner's offense level; and (2) that Petitioner would be sentenced under the career offender guidelines and given an offense level of 32. The Petitioner further argues that, consequently, this Court should vacate his sentence and allow Petitioner to negotiate a new plea agreement based on an imprisonment range of 100-125 months, which would have been Petitioner's imprisonment range if his imprisonment range was not calculated under the career offender guidelines and a two-level relevant conduct enhancement had not been applied. This Court finds that, based on the Petition and the record of Petitioner's sentencing, "it plainly appears" that Petitioner "is not entitled to relief." 28 U.S.C. § 2255, Rule 4.

### A. Petitioner's Attorney Was Not Ineffective Because He Accurately Estimated Petitioner's Sentencing Range.

Petitioner cannot establish that his counsel was ineffective because Petitioner was accurately advised about his imprisonment range. The Seventh Circuit has advised that an attorney is effective provided that the attorney "attempt[s] to learn all of the facts of the case and to make an estimate of a likely sentence." United States v.

Barnes, 83 F.3d 934, 939 (7th Cir. 1996).  From these facts, the attorney must "provide good-faith advice about the sentencing consequences of a guilty plea." Id. at 940.  Even an "inaccurate" prediction does not constitute a deficient performance, provided that the attorney acts in good faith.  Id.

Petitioner acknowledges that, when he "plead to count [One]," he knew he "was at a level 29, which [on the] Sentencing table is 151-188 [months]." See Petition (d/e 1) at 4.  Petitioner and his attorney negotiated a low-end sentence of 151 months, based on the projected 151-188 month imprisonment range.  Petitioner argues, however, that the advice from his attorney regarding the 151-188 month imprisonment range was inaccurate because his attorney did not tell Petitioner about two elements of Petitioner's Guidelines calculations: (1) that his conduct in maintaining a garage for distributing methamphetamine would result in a two-level enhancement even though Count Two of the Indictment, which involved the same conduct, was dismissed; and (2) that Petitioner qualified as a career offender and, therefore, his offense level was increased to 32.  According to Petitioner's argument in the Petition, because Petitioner did not realize these details of his Guidelines

calculations until after sentencing, Petitioner's attorney was ineffective. See Petition (d/e 1).

However, Petitioner was aware at the time he pled guilty that his actual imprisonment range was not yet determined by the Court. At Petitioner's plea hearing, Judge Schanzle-Haskins explained to Petitioner that the Court would not be able to calculate Petitioner's actual imprisonment range until after a PSR was completed. Judge Schanzle-Haskins further advised Petitioner that Probation's calculations *could be different* from Petitioner's attorney's "estimate." Petitioner affirmed that he understood how the Guidelines worked and affirmed that he was satisfied with his attorney's performance. Petitioner later affirmed that he understood the consequences of his plea agreement and the binding nature of the sentence recommendation.

Further, when Petitioner negotiated the low-end sentence of 151 months in his Rule 11(c)(1)(C) agreement, Petitioner used a projected imprisonment range of 151-188, the same imprisonment range calculated by Probation in the PSR, and adopted by the Court at sentencing. Although Petitioner claims that his attorney did not explain to Petitioner the specific details of the calculations used to

arrive at the 151-188 month imprisonment range, such a claim does not establish that Petitioner's attorney was ineffective. By advising Petitioner that his imprisonment range would be 151-188 months, Petitioner's attorney "estimate[d] a likely sentence" and, therefore, "provide[d] good-faith advice about the sentencing consequences" of Petitioner's guilty plea. Barnes, 83 F.3d at 939-40.

Petitioner does not argue in the Petition that the range calculated by Probation, and adopted by the Court, was incorrect. Even if the Court were to construe Petitioner's argument as a challenge to the imprisonment range used at sentencing, the Petition must still be dismissed. In Petitioner's plea agreement, he voluntarily waived his right to collaterally attack his sentence on any grounds *other than* ineffective assistance of counsel or involuntariness of the plea agreement. Therefore, Petitioner waived his right to challenge the Court's Guidelines calculations in a § 2255 habeas corpus petition.

Further, Petitioner's imprisonment range in this case was calculated correctly by counsel, Probation, and the Court. Although, Probation initially calculated Petitioner's initial offense

level at 28 and added two levels for relevant conduct, Petitioner's imprisonment range was not ultimately determined based on those calculations. Rather, Petitioner's imprisonment range was determined under the career offender guidelines in USSG § 4B1.1. Under the Guidelines, a defendant is a career offender if (1) the defendant is at least 18 years old at the time of the offense; (2) the offense is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for a crime of violence or a controlled substance offense. See USSG § 4B1.1. Petitioner qualified as a career offender because (1) he was 38 years old at the time of the offense; (2) his offense of possession of methamphetamine with intent to distribute is a controlled substance offense; and (3) he was previously convicted of one controlled substance offenses, *i.e.*, possession of a controlled substance with intent to deliver in 2003, and one crime of violence, *i.e.*, aggravated battery in public place in 1999. See Revised PSR, Criminal Case (d/e 18) at ¶¶ 31-32.

Based on the career offender guidelines, because Petitioner was convicted under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and the statutes provide a maximum statutory penalty of 20 years'

imprisonment for his offense, Petitioner's offense level is 32. See USSG § 4B1.1(b)(3) (establishing an offense level of 32 if the present offense has a statutory maximum penalty of "20 years or more, but less than 25 years"). After subtracting three levels for acceptance of responsibility, Petitioner's proper offense level is 29. Further, Petitioner qualifies for a criminal history category of VI based on his career offender status. See USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Petitioner's imprisonment range is, therefore, 151-188 months, based on an offense level of 29 and a criminal history category of VI.

Therefore, even if Petitioner's counsel did not inform Petitioner of the specific calculations that applied, counsel's advice to Petitioner of the correct imprisonment range still constitutes "good-faith advice about the sentencing consequences of a guilty plea." See Barnes, 83 F.3d at 940. Therefore, Petitioner's counsel was not ineffective.

**B. Even if Petitioner's Attorney Was Ineffective, Petitioner Was Not Prejudiced.**

Finally, assuming *arguendo* that Petitioner's counsel was ineffective because he did not inform Petitioner of the specific details of Petitioner's Guidelines calculations, Petitioner's claim still cannot succeed because Petitioner would not have been prejudiced by any ineffective assistance.  To show prejudice, Petitioner must show that "but for counsel's unprofessional errors the result of the proceeding would have been different." Strickland, 466 U.S. at 688. Strict adherence to the Strickland standards is required in cases like Petitioner's to ensure that a prisoner cannot "circumvent" a waiver of Guidelines challenges by "recasting" the argument as a claim of "ineffective assistance of counsel.  See Allen v. United States, 175 F.3d 560, 563 (7th Cir. 1999).  Therefore, "absent a fundamental miscarriage of justice," this Court will not find prejudice.  See id.

First, Petitioner was not prejudiced by any ineffective assistance of counsel regarding the two-level enhancement for maintaining a garage for the purpose of distributing methamphetamine because Petitioner was sentenced as a career offender.  Petitioner argues that he was given a "2 [point] enhancement as a career offender." See Petition, (d/e 1) at 6.

However, Petitioner misunderstands the calculations. Although Petitioner's qualification as a career offender ultimately led to an offense level that was two levels higher than Petitioner's offense level would have been otherwise, Petitioner's qualification as a career offender did not simply result in a "2 point enhancement." Rather, as this Court noted earlier, once Probation determined that Petitioner was a career offender, Probation appropriately disregarded the initial calculations, which included the two-level enhancement for maintaining a garage for the distribution of methamphetamine, and instead calculated Petitioner's imprisonment range using the career offender guidelines provided by USSG § 4B1.1(b)(3). Really, Petitioner's offense level calculated under the career offender guidelines was not affected by Petitioner's relevant conduct in maintaining a garage because Petitioner's offense level calculation was based strictly on the statutory penalty provided for Petitioner's conviction of possession with intent to distribute methamphetamine. Therefore, Petitioner could not have been prejudiced by any ineffective assistance of counsel related to the relevant conduct enhancement.

Second, even if Petitioner's attorney were ineffective because he did not specifically inform Petitioner that Petitioner qualified as a career offender, Petitioner was not prejudiced by that ineffectiveness.  As this Court stated earlier, Petitioner's imprisonment range of 151-188 months was accurately estimated by Petitioner's attorney and accurately calculated by Probation and this Court.  If this Court were to remand Petitioner's case to allow Petitioner another opportunity to negotiate with the government, Petitioner would not actually be able to negotiate based on an imprisonment range of 100-125 months, as he claims in the Petition.  Rather, Petitioner would have to negotiate based on the same 151-188 month imprisonment range upon which Petitioner negotiated his current plea agreement.  Therefore, Petitioner cannot establish a reasonable probability that "the proceeding would have been different."  Strickland, 466 U.S. at 688.

## **CONCLUSION**

For the forgoing reasons, Petitioner Jamie Riley's Motion to Vacate, Set Aside, or correct Sentence (d/e 1) is DISMISSED.  Petitioner's Motion to Request Counsel (d/e 3) is DENIED AS MOOT.  This case is CLOSED.

IT IS SO ORDERED.

ENTER: May 9, 2016

FOR THE COURT:  <u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE